COMMONWEALTH vs. MARK L. PIKUL.

Hampden. February 7, 1990. - May 10, 1990.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Perjury. Practice, Criminal*, Indictment, Instructions to jury. *Jurisdiction*, Perjury, Superior Court.

Evidence at the trial of perjury indictments was sufficient to submit to the jury the issue whether the defendant lied in an affidavit and in testimony in another proceeding. [337]

A certain perjury indictment was sufficient in that it contained a plain, concise description of the acts that constituted the crime. [337-338]

A defendant was properly indicted and tried in Hampden County for perjurious conduct done outside that county but intended to produce detrimental effects within it. [338]

At the trial of a perjury indictment no substantial risk of a miscarriage of justice was occasioned by the lack of instructions with respect to the nature of the evidence necessary for a finding of guilty, where the evidence presented was sufficient to sustain a conviction. [338-339]

INDICTMENTS found and returned in the Superior Court Department on January 15, 1987.

The case was tried before *Constance M. Sweeney*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Brownlow M. Speer*, Committee for Public Counsel Services, for the defendant.

*William T. Walsh, Jr.*, Assistant District Attorney, for the Commonwealth.

ABRAMS, J. The defendant, Mark L. Pikul, was convicted of murder in the first degree and rape of a child without force. See *Commonwealth* v. *Pikul*, 400 Mass. 550 (1987). In our opinion, we upheld the judge's denial of Pikul's motion for postconviction relief based on grand jury impropriety during the grand jury's investigation of the rape and murder.

*Id.* at 551-552. After our opinion, Pikul was indicted for and convicted of perjury in the postconviction proceedings based on his affidavit and his testimony. In both instances, Pikul claimed that an unauthorized person, a police officer, was present in the grand jury room while he was testifying in proceedings prior to the murder indictment. The defendant appeals. We transferred the case to this court on our own motion. We affirm.

At the perjury trial, the assistant district attorney who presented the evidence against Pikul at the grand jury testified that the officer was not in the grand jury room while the defendant testified. The jurors had a view of the grand jury room. During his testimony, the assistant district attorney used a diagram to show the jurors where he was situated during Pikul's testimony. The police officer also testified that he was not in the grand jury room during Pikul's testimony.

1. *Motion for a required finding of not guilty.* The defendant argues that the Commonwealth's evidence was not sufficient to surmount the "quantitative rule," or, alternately, that it was not of a "compelling character." See *Commonwealth v. Silva*, 401 Mass. 318 (1987); *Commonwealth v. Coleman*, 20 Mass. App. Ct. 542 (1985), *S.C.*, 397 Mass. 1001 (1987). He bases this argument on the assertion that there is no evidence that the assistant district attorney presenting the matter to the grand jury "was in a position to observe all persons present in the room at all times while Pikul was in it testifying" and because the evidence does not exclude "the possibility that Pikul was simply mistaken." The jurors heard the testimony of the police officer, heard the testimony by the assistant district attorney, and had a view of the grand jury room and a "chalk" or "diagram" of the room. The evidence and corroboration was sufficient for the jurors to determine whether the assistant district attorney was in a position to observe whether the officer was in the grand jury room. The question whether Pikul was lying or "simply mistaken" was an issue for the jury.

2. *Sufficiency of the indictment based on the affidavit.* The defendant asserts that the indictment based on his affidavit is

fatally defective because it alleged that the statement was made under the penalty of law and did not allege that the false statement was "made under the penalties of perjury." G. L. c. 268, § 1A (1988 ed.). To be sufficient, "[a]n indictment and a complaint shall contain . . . a plain, concise description of the act which constitutes the crime or an appropriate legal term descriptive thereof." See Mass. R. Crim. P. 4 (a), 378 Mass. 849 (1979). The indictments contain a plain, concise description of the acts that constituted the crime.

3. *Jurisdiction.* Pursuant to Mass. R. Crim. P. 30 (c) (7), 378 Mass. 900 (1979), the postconviction proceedings were heard by the trial judge in Hampshire County. The defendant contends that it was improper for a Hampden County grand jury to return the indictments against him and for a Hampden County jury to convict him because Pikul's testimony had been given in Hampshire County and the affidavit was filed first, albeit incorrectly, in Suffolk County with this court. The perjurious testimony and affidavit were "[a]cts done outside . . . [Hampden County] but intended to produce . . . detrimental effects within it, [and] justif[y Hampden County] in punishing the cause of the harm as if [Pikul] had been present at the effect . . . ." *Commonwealth* v. *Carroll*, 360 Mass. 580, 585 (1971), quoting *Strassheim* v. *Daily*, 221 U.S. 280, 285 (1911). There was no error.

4. *Instructions.* Although the defendant failed to request any instructions concerning the special burden of proof in perjury cases, he now argues that the lack of such instructions created a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Pares-Ramirez*, 400 Mass. 604, 609 (1987). Essentially, the defendant would have us require instructions to the effect that "the evidence needed to sustain a perjury conviction must be of a direct and compelling character . . . ." *Coleman, supra* at 558. We need not decide that issue because it was not raised below. The rule established in *Silva, supra*, and *Coleman, supra*, is applied in evaluating the sufficiency of the evidence. Accordingly, because we reject the defendant's contention that the evidence was insuffi-

cient (see section 1, *supra*), we conclude that there is no substantial risk of a miscarriage of justice.

*Judgments affirmed.*